12-3951-cv
*James v. Unum Life Insurance Company of America, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand thirteen.

PRESENT:

       JOSÉ A. CABRANES,
       PETER W. HALL,
       DENNY CHIN,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JENNIFER JAMES,

       *Plaintiff-Appellant,*

       -v.-                                     No. 12-3951-cv

UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUM GROUP, FKA Unum Provident Corporation,

       *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**        EVAN S. SCHWARTZ, Quadrino & Schwartz P.C., Garden City, NY.

**FOR DEFENDANTS-APPELLEES:**        PATRICK W. BEGOS, Begos Brown & Green LLP, Southport, CT.

1

Appeal from the September 27, 2012 judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 27, 2012 judgment of the District Court be **AFFIRMED**.

Plaintiff Jennifer James appeals from an order of the District Court granting summary judgment to Unum Life Insurance Company of America ("Unum") on James's claim for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* "In an ERISA action, we review the district court's grant of summary judgment based on the administrative record *de novo* and apply the same legal standard as the district court." *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009). "[W]here, as here, written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'" *Id.* (internal quotation marks and citation omitted). We assume familiarity with the underlying facts and procedural history of this case.

We affirm substantially for the reasons stated in the District Court's careful and clear Memorandum Decision and Order dated September 27, 2012. James raises a number of procedural objections to the processing of her claim, each of which was properly rejected by the District Court. To the extent that James now claims that the District Court erred by failing to take into account evidence outside of the administrative record, she has advanced no authority that supports her view. *See Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995) (holding that "a district court's review under the arbitrary and capricious standard is limited to the administrative record"). Nor, for that matter, does she even make any substantial claim that any evidence in or out of the administrative record demonstrates that the Unum's decision was not based on substantial evidence. *See Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 141 (2d Cir. 2010). For these reasons, we agree with the District Court that Unum's decision to deny James's claim was not arbitrary or capricious.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the September 27, 2012 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court